Note: OS. Pend. opinion will be found in 3 Abe. 566.

No. 810
## HOUGH v. STONE
Ohio Appeals, 6th Dist., Huron Co.
No. 198. Decided June 25, 1925

297. CONTRACT—Of lease, being in writing and ambiguous in character is for court to construe and not for the jury to interpret.

225. CHARGE TO JURY—Proper to submit whether or not there was a custom, certain and uniform; generally' acquiesced in, in the neighborhood as to number of crates to be used for harvesting onions; but charge must include all the elements in respect to custom.

WILLIAMS, J.

Amanda Stone brought an action in the Huron Common Pleas against Frank Hough, for breach of contract of lease on certain farming property. The contract of lease was in the nature of a cropping arrangement covering about 145 acres of land, and provided that Stone should perform all the labor pertaining to planting, caring for and harvesting of the crops, same as to be divided equally.

Among other provisions it provided with reference to a crop of onions that Hough was to furnish seed, fertilizer and crates and Stone was to perform all labor. Stone's action was based upon the ground that Hough had broken his contract in failing to furnish crates for harvesting the onions. In the common pleas the jury returned a verdict for $950 in favor of Stone. Hough prosecuted error to the Court of Appeals which held:

1. Two questions are presented, first was Stone required to prove that she had fully complied with the contract of lease with respect to all the crops therein provided for; and, second, did the court err in its charge to the jury?

2. The contract of lease was severable as to its provisions as to the crop of onions, and while Hough might counterclaim for damages for breach of the provisions of the lease relating to other crops, the claim of the plaintiff would not be defeated if substantiated under the law and evidence, merely because she did not show a substantial performance of the contract with reference to other crops.

3. There was no error committed by the court in its ruling with reference to the question of a substantial compliance by Stone with reference to crops other than the onions.

4. It was proper in this case to submit to the jury, if the evidence warranted it, the question whether or not there was a custom, certain, uniform and generally acquiesced in, in the neighborhood where the farm in question was located, as to the number of crates to be used for harvesting onions. Lowe v. Lehman. 15 OS. 179.

5. These elements were wholly overlooked in the charge to the jury and therefore there was error in the court's charge in respect to custom.

6. The court erred in leaving the interpretation of the contract of lease to the jury for it being wholly in writing and unambiguous in character, it was for the court to construe it and not the jury.

7. With reference to the charge of damages generally, the court should have explained to the jury the principle that it was the duty of Stone at all times to make reasonable efforts to mitigate the damages of Hough.

Judgment reversed and cause remanded.

Attorneys—Young & Young for Hough; Rowley & Carpenter and Allen C. Aigler for Stone; all of Norwalk.